UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                            Plaintiff,<br>v.<br><br>EUCLID AVENUE, LLC, a California Limited Liability Company, and PHILLIP'S APPLIANCES INC, a California Corporation, and Does 1-10,<br><br>                            Defendants. | Case No.: 19-CV-2384 DMS (DDL)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Pending before the Court is Plaintiff's motion for default judgment against Defendants Euclid Avenue, LLC and Phillip's Appliances Inc. The motion is unopposed. Upon consideration of the pleadings, the motion, and the Defendants' lack of appearance in this case or opposition to the motion, the Court grants the motion.

**I.**

**BACKGROUND**

On December 11, 2019, Plaintiff filed the present case against Defendants alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and California Civil Code § 51 (the "Unruh Act"). Plaintiff is a paraplegic who cannot walk and who uses a wheelchair for mobility. (ECF No. 13-4 at 2.) Plaintiff has a disabled persons parking placard issued by the State of California and drives a specially equipped

1

and modified van that deploys a ramp so that he can wheel in and out of his vehicle. (*Id.*) He needs a reserved parking space with a dedicated access aisle to safely transfer to and from his van. (*Id.*) Due to terrible experiences that Plaintiff has previously suffered, he no longer attempts to park in and use non-marked, non-reserved, non-accessible parking spaces. (*Id.*) In the past, he has parked in regular stalls and found himself trapped outside of his vehicle because someone else parked lawfully next to him. (*Id.* at 3.)

Plaintiff's claims arise from his alleged attempt to patronize the Phillip's Maytag Home Appliance Center store located at 8495 La Mesa Blvd., La Mesa, California. (*Id.*) There, Plaintiff alleges that Defendants failed to provide accessible parking in conformance with the ADA standards. (*Id.*) An independent investigator hired by the Plaintiff went to the Phillip's Maytag Home Appliance store and confirmed Plaintiff's allegations that the Defendant's failed to provide van-accessible parking in conformance with the ADA standards. (ECF No. 13-5 at 3.)

Plaintiff alleges this establishment is owned by the Defendants. (ECF No. 1 at 2.) The proofs of service for Euclid Avenue, LLC, and Phillip's Appliances Inc., were filed on January 22, 2020. (ECF Nos. 3-4.) Defendants did respond to Plaintiff's complaint after defaults were entered against them. (*See* ECF Nos. 7, 8, 15.) However, Defendants' counsel lost contact with the Defendants and failed to appear for a settlement conference ordered by the Court. (ECF No. 27.) Plaintiff has filed proof of service of the defaults, his motion for default judgment, and notice of the hearing on Defendants and their counsel. (ECF No. 41.) Neither Defendants nor their counsel filed an opposition to the motion, or any other response.

## II.

## DISCUSSION

Plaintiff requests entry of default judgment against the Defendants, seeking injunctive relief under the ADA and the Unruh Act, actual damages of $4,000 assessed against each Defendant, and attorney's fees and costs of $4,664 imposed jointly and severally. (ECF Nos. 13-1 at 3; 13-3 at 8.)

A.     **Default Judgment**

The Clerk of the Court is required to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) allows for entry of default judgment by the court. However, "[a] plaintiff does not receive default judgment as a matter of right; rather, a court has discretion as to whether it should be granted." *United States v. Boyce*, 148 F.Supp.2d. 1069, 1093 (S.D. Cal. 2001) (citations omitted).

In exercising that discretion, courts consider the following factors:

> "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Consistent with the last factor of the strong public policy in favor of decision on the merits, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." *VonGrabe v. Spring PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004) (citing *Pena v. Seguros La Comercial, S.A.*, 220 F.2d 811, 814 (9th Cir. 1985)). In general, however, "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); Fed. R. Civ. Proc. 8(b)(6); *see also, e.g.*, *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

**1. Possibility of Prejudice to the Plaintiff**

The first *Eitel* factor considers the possibility of prejudice to the plaintiff if a default judgment is not entered. *See* 782 F.2d at 1471-72. Plaintiff contends that the lack of van- and wheelchair-accessible parking at Defendants' property does not comply with the ADA and the Unruh Act, and thus constitutes discrimination and denial of equal access. Here, Defendants have failed to appear and have not remedied these barriers to access. If a

default judgment is not entered, Plaintiff will likely have no recourse against Defendants. *See, e.g.*, *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998 (C.D. Cal. 2014) (granting a default judgment for a disabled plaintiff suing under the ADA and Unruh, relying upon this rationale). This factor therefore weighs in favor of entering default judgment.

### 2. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors are the merits of plaintiff's substantive claim and the sufficiency of the complaint. *See* 782 F.2d at 1471-72. These factors "require that a plaintiff state a claim on which it may recover." *Vogel*, 992 F.Supp.2d at 1007 (internal citations and quotation marks omitted). Plaintiff seeks relief under the ADA and the Unruh Act, each of which is addressed in turn.

#### a. Discrimination under the ADA

To prevail on a claim for discrimination under Title III of the ADA, the Plaintiff must show (1) he is disabled under the definitions provided by the ADA, (2) the Defendants are "a private entity that owns, leases, or operates a place of public accommodation," and (3) the Plaintiff "was denied public accommodations . . . because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, in the context of discrimination based on architectural barriers, Plaintiff must show (1) the Phillips' Maytag Home Appliance Center store contains architectural barriers prohibited by the ADA; and (2) "that the removal of those barriers is readily achievable." *Hubbard v. Rite Aid Corp.*, 433 F.Supp.2d 1150, 1158 (S.D. Cal. 2006) (citing 42 U.S.C. § 12182(a)).

Here, Plaintiff established he is disabled within the meaning of the ADA as a paraplegic who cannot walk and who uses a wheelchair for mobility. (ECF No. 13-4 at 2). *See* 42 U.S.C. § 12102(1)(A) (defining a physical impairment substantially affecting a major life activity as qualifying as a disability). Plaintiff also alleges Defendants own the real property where the Phillip's Maytag Home Appliance Center store is located and Defendants have not contested this assertion. (ECF No. 1 at 1-2.) Finally, the Phillip's Maytag Home Appliance Center store is a public accommodation because it is a sales establishment that is open to the public. *See Vogel*, 992 F.Supp.2d at 1009 (citing 42 U.S.C.

§ 12102(2); § 12181(7)(E)) ("A sales establishment is a place of public accommodation."). Thus, Plaintiff has sufficiently stated a claim for a violation of the ADA, if he suffered discrimination on Defendants' property due to his disability.

Discrimination "on the basis of disability includes a failure to remove architectural barriers where such removal is readily achievable." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043 (9th Cir. 2008) (quoting 42 U.S.C. § 12182). Under the ADA, the term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9)(A)-(D).

Here, Plaintiff alleges the architectural barrier at Defendants' establishment is the lack of van-accessible parking and compliant standard wheelchair-accessible parking. Plaintiff simply requests the Court issue an injunction requiring Defendants to provide van- and wheelchair-accessible parking. Although determining what is "readily achievable" requires analyzing context-specific facts such as the nature and cost of the repair and the overall financial resources of the facilities and covered entity, Plaintiff did not have the opportunity to acquire this information from Defendants because Defendants failed to appear. (*See* ECF Nos. 27, 34.) In addition, some courts have found "the creation of a handicap accessible parking space is per se readily achievable." *See, e.g.*, *Johnson v. San*, No. 2:15-CV-162-JAM-EFB, 2015 WL 7188245, at *3 (E.D. Cal. Nov. 16, 2015). The creation of designated accessible parking spaces is also listed as an example of a readily achievable step in ADA guidelines. *See* 28 C.F.R. § 36.304(b). This makes good sense. Further, Plaintiff's allegation that removal of such barriers is readily achievable "is sufficient to satisfy his burden of production" because his allegations are taken as true upon default. *See Vogel*, 992 F.Supp.2d at 1011 (citing *Johnson v. Beahm*, 2011 WL 5508893, *3 (E.D. Cal. Nov. 8, 2011)). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4. Parking spaces and access aisles serving them shall comply with 302. Access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards §

502.4. Therefore, the second and third *Eitel* factors weigh in favor of entry of default judgment.

### b. Unruh Act Claim

Plaintiff's second claim for relief is based on a violation of the Unruh Act. (ECF No. 1 at 6.) The Unruh Act provides for "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments" for "all persons . . . no matter what their . . . disability." Cal. Civ. Code § 51(b). Unlike the ADA, the Unruh Act provides for monetary damages, including actual damages, treble damages, or independent statutory damages of $4,000. *Molski*, 491 F.3d at 731. The Unruh Act also provides for attorney's fees and costs. *Id.*; Cal. Civ. Code § 52(a).

"[A] violation of the ADA is, per se, a violation of the Unruh Act." *See Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004); Cal. Civ. Code § 51(f). Moreover, "no showing of intentional discrimination is required when the Unruh Act violation is premised on an ADA violation." *Id.* Plaintiff seeks a single award against both Defendants of the statutory minimum. Because Plaintiff's claim for relief under the ADA meets the second and third *Eitel* factors, these factors are also met with respect to his Unruh Act claim.

### 3. Sum of Money at Stake in the Action

The fourth factor to be considered is the sum of money at stake in relation to the seriousness of the defendant's conduct. *See Eitel*, 782 F.2d at 1471-72; *PepsiCo, Inc. v. California Sec. Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). Courts disfavor default judgment when "the sum of money at stake is too large or unreasonable in relation to the defendant's conduct." *Vogel*, 992 F.Supp.2d at 1012.

Here, Plaintiff is requesting a total of $12,664 – consisting of $8,000.00 in actual damages, and $4,664 in attorney's fees and costs. Plaintiff also seeks an injunction ordering Defendants to provide van- and wheelchair-accessible parking in compliance with the ADA guidelines. Though the scope of injunctive relief will add to Defendants' financial burden, the ADA "limits this liability to removal of barriers that is readily

6

achievable, and in this way caps a defendant's liability." *See Vogel*, 992 F.Supp.2d at 1012. This amount is within the range of acceptable sums of money other courts within this Circuit have awarded in similar actions. *See, e.g.*, *id.* at 1012 (granting a judgment of $13,739.20, including statutory damages, attorneys' fees, and costs); *Moore v. Cisneros*, No. 1:12-cv-00188-LJO-SKO, 2012 WL 6523017, at *4 (E.D. Cal. Dec. 13, 2012) (granting an award of $10,119.70 on default judgment and noting the amount "was not a particularly large sum of money"); *Johnson v. Huynh*, No. Civ S-08-1189-JAM-DAD, 2009 WL 2777021, at *2 (E.D. Cal. Aug. 27, 2009) (holding $12,000 was a "relatively small award of damages" in a default judgment). Therefore, the fourth *Eitel* factor weighs in favor of entry of default judgment against Defendants here.

**4. The Possibility of a Dispute Concerning Material Facts**

The fifth factor asks whether there is a possibility of a dispute over material facts. *Eitel*, 782 F2.d at 1471-72. When a court clerk enters default, "all allegations in a well-pleaded complaint are taken as true," and there is "no likelihood that any genuine issue of material fact exists." *Elektra Ent. Grp. V. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). So it is here. Defendant failed to respond, and default was entered. Thus, the fifth factor weighs in favor of Plaintiff.

**5. Excusable Neglect**

The sixth *Eitel* factor is excusable neglect. *See* 782 F.2d at 1472. The question of what conduct "constitutes excusable neglect under Rule 60(b)(1) and similar rules is at bottom on equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1110 (9th Cir. 2011) (quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)) (internal quotation marks omitted). Although Rule 60(b)(1) of the Federal Rules of Civil Procedure governs grounds for relief from a final judgment, Rule 55(b) constitutes a similar rule because it governs the grounds for entering a default judgment.

There is "little possibility of excusable neglect and default judgment is favored when defendants fail to respond after being properly served." *Constr. Laborers Trust Funds for*

*S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F.Supp.3d 1192, 1201-02 (C.D. Cal. 2018); *see Shanghai Automation Instrument Co., Ltd. V. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001). Here, Defendant received notice of both the complaint and the instant motion and did not respond. Thus, this factor weighs in favor of entry of default judgment.

### 6. Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

The final factor requires the Court to consider the strong policy favoring decisions on the merits. *See Eitel*, 782 F.2d at 1472. The fact that Rule 55(b) exists demonstrates that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F.Supp.2d at 1177 (citations omitted). Although resolving disputes on the merits is the preferred approach, that is not possible where, as here, a defendant fails to respond. Nonetheless, this factor does not weigh in favor of Plaintiff.

### 7. Conclusion Regarding the *Eitel* Factors

Here, all factors, aside from the seventh factor favoring decisions on the merits, weigh in favor of Plaintiff.

### B.   Attorney's Fees and Costs

Plaintiff further requests attorney's fees and costs in the sum of $3,856 for 7.6 hours of attorney work and $808 in costs, which is permitted under the ADA and the Unruh Act. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Plaintiff provided declarations in support of his request for fees and costs. (ECF No. 13-3 at 7-8.) The requested attorney's fees and costs are reasonable. Therefore, the Court will award attorney's fees and costs totaling $4,664.

### III.
### CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's motion for default judgment. Each Defendant is liable for $4,000 in statutory damages, for a total of $8,000 in statutory damages awarded to Plaintiff, and $4,664 in attorney's fees and costs assessed

1  jointly and severally against both Defendants. The Court also **ORDERS** Defendants to
2  provide van- and wheelchair-accessible parking at the Phillip's Maytag Home Appliance
3  Center store located at 8495 La Mesa Blvd., La Mesa, California, in compliance with the
4  Americans with Disabilities Act Accessibility Guidelines.  The Court **DIRECTS** the Clerk
5  of the Court to enter judgment against Defendants and in favor of Plaintiff.

   **IT IS SO ORDERED.**

Dated:  August 22, 2022

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court